**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

**JOHN DOE,**

                                **Plaintiff,**

**v.**                                                                        **Case No. 3:22-cv-00064-NKM**

**UNIVERSITY OF VIRGINIA,**

                                **Defendant.**

## ANSWER

Defendant the University of Virginia,[1] by counsel, submits this Answer to the First Amended Complaint ("FAC") filed by Plaintiff John Doe ("Plaintiff").[2]

The introductory paragraph of the FAC contains conclusions of law to which no response is required. To the extent a response is required, UVA states that at all times it acted lawfully and appropriately and did not violate Plaintiff's rights, nor did it employ a biased process or erroneously find Plaintiff responsible for a false accusation. The FAC also contains various headings and subtitles throughout. To the extent these headings and subtitles are deemed to allege any facts, they are denied. In response to footnote 2 to a heading on page 6, Defendant admits that Jacob Doe and Jane Roe are not real names and Defendant knows Jacob Doe's and Jane Roe's true

---

[1] The First Amended Complaint identifies the "University of Virginia" as a party defendant; however, because it is not a legal entity, this Answer is submitted by the legal entity authorized to act on behalf of the intended defendant, "the Rector and Visitors of the University of Virginia" (hereinafter "UVA" or "Defendant"). *See* Va. Code § 23.1-2200.

[2] On April 10, 2023, per the Court's Memorandum Opinion and Order, the Court dismissed Defendants Christine Wechsler, Emily Babb, Rebecca Locke Leonard, Rajiva Seneviratne, Diane Whaley, and James E. Ryan from this lawsuit. ECF No. 36 at p. 7.

identities.  Defendant lacks knowledge or sufficient information to form a belief as to why Plaintiff omitted their true identities and thus denies the same.

1.      In response to the allegations contained in paragraph 1, paragraph 1 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations contained therein are denied.[3]

2.      In response to the allegations contained in paragraph 2, Defendant admits Plaintiff was an undergraduate student at UVA.  Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 2 and thus denies the same.

3.      Defendant admits the allegations contained in paragraph 3 of the FAC.

4.      Defendant admits the allegations contained in paragraph 4 of the FAC.

5.      In response to the allegations contained in paragraph 5, Defendant admits that Emily Babb is an attorney and was the Title IX Coordinator at UVA at the time of Plaintiff's disciplinary hearing and that she now is domiciled in Colorado.  As Title IX Coordinator, Ms. Babb would coordinate Defendant's efforts to comply with and carry out UVA's responsibilities under Title IX.  Defendant denies the remaining allegations contained in paragraph 5.

6.      Defendant admits the allegations contained in paragraph 6 of the FAC.

7.      Defendant admits the allegations contained in paragraph 7 of the FAC.

8.      Defendant admits the allegations contained in paragraph 8 of the FAC.

9.      In response to the allegations contained in paragraph 9 of the FAC, Defendant admits that James E. Ryan is an attorney and the President of UVA with authority over its operations.  Defendant denies the remaining allegations contained in paragraph 9.

---

[3] On April 10, 2023, per the Court's Memorandum Opinion and Order, the Court dismissed Plaintiff's due process, equal protection, breach of contract, and tortious interference with contractual relations claims. ECF No. 36.

10.     Defendant states that paragraph 10 contains a statement of jurisdiction to which no response is required.  To the extent a response is required, Defendant states that at all times it acted lawfully and appropriately and denies violating federal law.  Any remaining allegations in paragraph 10 are denied.

11.     Defendant states that paragraph 11 contains a statement of jurisdiction to which no response is required.  To the extent a response is required, Defendant states that at all times it acted lawfully and appropriately and denies violating federal law.  Pursuant to the Court's April 10, 2023 Memorandum Opinion and Order there are no individuals remaining in this lawsuit as they have been dismissed as parties.  Any remaining allegations in paragraph 11 are denied.

12.     Defendant states that Paragraph 12 contains a statement of venue to which no response is required.  To the extent a response is required, Defendant states that at all times it acted lawfully and appropriately and denies violating federal law.  Defendant further states that venue is proper in this Court.

13.     In response to the allegations contained in paragraph 13, Defendant admits that Title IX is a federal statute prohibiting discrimination on the basis of sex in educational institutions that receive federal funding pursuant to 20 U.S.C. § 1681 and claims of sexual harassment at institutions receiving federal funding are adjudicated under Title IX.  Defendant denies that all institutions of higher education are required by law, as interpreted by the United States Supreme Court, to adjudicate claims of sexual harassment under the auspices of Title IX.

14.     In response to the allegations contained in paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and thus denies the same.

15.     In response to the allegations in paragraph 15, Defendant admits that the Obama Administration's Department of Education published a "Dear Colleague Letter" in April 2011. Defendant states that the April 2011 Dear Colleague Letter speaks for itself and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the same.

16.     In response to paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and thus denies the same.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant admits the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     In response to the allegations contained in paragraph 20, Defendant admits that the Department of Education previously opened an investigation, which included investigating Defendant's handling of sexual misconduct complaints by students and employees, who were both men and women complainants.  Defendant denies the remaining allegations contained in paragraph 20.

21.     In response to the allegations contained in paragraph 21, Defendant admits that on September 21, 2015 the Department of Education issued a "findings letter" and that Defendant entered into a Resolution Agreement with the Department of Education.  Defendant states that the "findings letter" speaks for itself and denies any allegations inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 21.

22.     Defendant denies the allegations contained in paragraph 22.

23.     In response to the allegations contained in paragraph 23, Defendant admits that the Dear Colleague Letter was rescinded in 2017.  Defendant also admits that since 2017 it has had a

Title IX Office and a Title IX Coordinator position, albeit at times there have been acting or interim persons filling this position as transitions have occurred.  Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 23 and thus denies the same.

24.     In response to the allegations contained in paragraph 24, Defendant admits that Plaintiff enrolled at UVA in the Fall 2017 semester.  Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 24 and thus denies the same.

25.     In response to the allegations contained in paragraph 25, Defendant admits that Jacob Doe was a student at James Madison University ("JMU") when Jacob Doe and Plaintiff sexually assaulted Jane Roe and when Plaintiff was subsequently found responsible for violating UVA's Title IX Policy.  Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 25 and thus denies the same.

26.     In response to the allegations in paragraph 26, Jane Roe was a female student at UVA when Jacob Doe and Plaintiff sexually assaulted her and when Plaintiff was subsequently found responsible for violating UVA's Title IX Policy.  Defendant admits that Jane Roe and Plaintiff had met each other as first-year students.  Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 26 and thus denies the same.

27.     In response to paragraph 27, Defendant admits that Plaintiff and Jacob Roe went out drinking on or about February 8, 2019.  Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 27 and thus denies the same.

28.     Defendant admits the allegations contained in paragraph 28.

29.     In response to the allegations in paragraph 29, Defendant admits that Jane Roe, who was with a friend, ran into one of Jane Roe's friends, who was with Plaintiff and Jacob Doe after leaving a party.   Defendant denies that Jane Roe did not appear intoxicated.   Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations and thus denies the same.

30.     In response to the allegations contained in paragraph 30, Defendant admits that the group of students decided to go back to Plaintiff's apartment after they had been in a restaurant and Jacob Doe, Plaintiff, and one of Jane Roe's friends got pizza.   Defendant denies that Jane Roe ate pizza on this occasion. Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations and thus denies the same.

31.     In response to the allegations contained in paragraph 31, Defendant lacks knowledge or information sufficient to form a belief if Jane Roe's two friends fell asleep or passed out from alcohol consumption while the group was socializing at Plaintiff's apartment and thus denies the same.

32.     Defendant denies the allegations contained in paragraph 32.

33.     In response to the allegations contained in paragraph 33, Defendant admits that Jacob Doe roused the sleeping/passed out friends of Jane Roe and offered them an Uber. Defendant admits that one of Jane Roe's friends accepted the offer and went home in an Uber and offered for Jane Roe to go with him.   Defendant denies the remaining allegations.

34.     Defendant denies the allegations contained in paragraph 34.

35.     In response to the allegations contained in paragraph 35, Defendant admits that both of Jane Roe's friends left and only Plaintiff, Jacob Doe, and Jane Roe remained, and Jacob Doe

poured each of them a mixed drink.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations and thus denies the same.

36.     Defendant admits the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

39.     Defendant denies the allegations contained in paragraph 39.

40.     In response to the allegations contained in paragraph 40, Defendant admits that Jane Roe left before 10:00 a.m.  Defendant lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations and thus denies the same.

41.     In response to the allegations contained in paragraph 41, Defendant admits that Jane Roe texted a male friend at 6:33 a.m.  Defendant states that the text message speaks for itself and denies any allegations inconsistent therewith.   Defendant denies the remaining allegations contained therein.

42.     In response to the allegations contained in paragraph 41, Defendant admits that Jane Roe texted a male friend at approximately 7:50 a.m.  Defendant states that the text message speaks for itself and denies any allegations inconsistent therewith.   Defendant denies the remaining allegations contained in paragraph 42.

43.     Defendant denies the allegations contained in paragraph 43.

44.     Defendant denies the allegations contained in paragraph 44.

45.     In response to the allegations contained in paragraph 45, Defendant admits that Jane Roe went to the hospital and underwent a medical evaluation that revealed a tear to her vagina, which the forensic nurse could not determine if it was caused by consensual or non-consensual sex.  Defendant denies the remaining allegations.

46.    In response to the allegations contained in paragraph 46, Defendant admits that the SANE Nurse stated in her interview that Jane Roe did not appear to be intoxicated at all when she examined her around 11:00 a.m. on February 9, 2019.  Defendant also admits that the 10:57 a.m. medical record indicates that at that time Jane Roe was alert, oriented, and in no acute physical distress.

47.    In response to the allegations contained in paragraph 47, Defendant admits that on February 10, 2019 Jane Roe submitted a report to UVA that she was sexually assaulted by Jacob Doe and Plaintiff and that Jacob Doe forced her to have anal sex against her will.  Defendant admits that Jane Roe said that Jacob Doe penetrated her anally without consent and that Plaintiff put his penis in her mouth without consent and that Plaintiff masturbated while he watched Jacob Doe sexually assault her.  Defendant denies the remaining allegations contained therein.

48.    In response to paragraph 48, Defendant states that Defendant's policy and Virginia Code § 23.1-806 speak for themselves and Defendant denies any allegations inconsistent therewith.  Defendant denies the remaining allegations in paragraph 48.

49.    In response to paragraph 49, Defendant admits that Ms. Babb notified Plaintiff and Jane Roe that UVA opened an investigation into Jane Roe's allegations on February 21, 2019. Defendant lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations and thus denies the same.

50.    In response to the allegations in paragraph 50, Defendant admits that it has a written Title IX Policy, which contains procedures for adjudicating Title IX hearings that could result in sanctions if a finding of responsible is made.  Defendant denies it has an unwritten policy or practice with respect disciplining students.  Defendant lacks information sufficient to form a basis as to the truth of the remaining allegations and thus denies the same.

51.     Defendant admits the allegations contained in paragraph 51. Defendant further states that it had previously identified two potential policy violations by Plaintiff by written notice dated February 21, 2019.

52.     In response to the allegations contained in paragraph 52, Defendant admits that its Title IX Policy, Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, defines "sexual assault."  Defendant states that its Title IX Policy speaks for itself and denies any allegations inconsistent therewith.

53.     In response to the allegations contained in paragraph 53, Defendant admits that its Title IX Policy, Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, defines sexual harassment/gender-based harassment.  Defendant states that its Title IX Policy speaks for itself and denies any allegations inconsistent therewith.

54.     In response to the allegations contained in paragraph 54, Defendant admits that its Title IX Policy, Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, defines affirmative consent.  Defendant states that its Title IX Policy speaks for itself and denies any allegations inconsistent therewith.

55.     In response to the allegations contained in paragraph 55, Defendant admits that its Title IX Policy, Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, defines affirmative consent.  Defendant states that its Title IX Policy speaks for itself and denies any allegations inconsistent therewith.

56.     Defendant denies the allegations contained in paragraph 56.

57.     In response to the allegations contained in paragraph 57, Defendant admits that students' attorney may not speak on behalf of the parties or otherwise participate in, or in any

manner disrupt meetings and/or proceedings. Defendant denies the remaining allegations contained therein.

58.     In response to the allegations contained in paragraph 58, Defendant admits that its Title IX Policy, Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, governed Plaintiff's disciplinary proceeding.  Defendant further states that its Title IX Policy speaks for itself and Defendant denies any allegations inconsistent therewith.

59.     In response to the allegations contained in paragraph 59, Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations and thus denies the same.

60.     In response to the allegations contained in paragraph 60, Defendant admits that Ms. Wechsler interviewed Jane Roe on February 27, 2019.  Defendant denies the remaining allegations contained therein.

61.     In response to the allegations contained in paragraph 61, Defendant admits that Jane Roe's medical records indicate that she reported no condom was used but she recalled to Ms. Wechsler that she saw a used condom the morning after the sexual assault.  Defendant admits that Jane Roe's medical records indicate that said she was tossed between Jacob Doe and Plaintiff. Defendant admits that Jane Roe told Ms. Wechsler that Jacob Doe told Plaintiff to move her, but she did not think that Plaintiff moved her.  Defendant admits that Jane Roe's medical records indicate that both Jacob Doe and Plaintiff forced her to engage in oral sex with them.  Defendant admits that Jane Roe told Ms. Wechsler that Plaintiff forced her to engage in oral sex with him. Defendant denies that Jane Roe told the hospital that she was repeatedly tossed between the two assailants.  Defendant denies the remaining allegations herein.

62.     Defendant denies the allegations contained in paragraph 62.

10

63.     In response to the allegations contained in paragraph 63, Defendant admits that Ms. Wechsler interviewed five student witnesses. Defendant further states that the student witnesses identified by Plaintiff refused to participate when Ms. Wechsler asked them to participate in an interview.   Defendant admits that Ms. Wechsler did not interview athletic coaches or trainers. Defendant denies the remaining allegations.

64.     In response to the allegations contained in paragraph 64, Defendant admits it referred Jane Roe's complaint to JMU's Title IX Coordinator with Jane Roe's permission. Defendant lacks knowledge or information to form a basis as to the truth as to whether Plaintiff's permission was obtained and thus denies the same.   The allegations in paragraph 64 about an alleged FERPA violation are a legal conclusion to which no response is required, but to the extent any response is required, these allegations are denied.   The remaining allegations in paragraph 64 are denied.

65.     Defendant admits the allegations in paragraph 65.

66.     Defendant admits the allegations in paragraph 66.

67.     In response to paragraph 67, Defendant admits that Ms. Wechsler obtained and reviewed Jane Roe's text messages, to include a message that said, "I'm amazing" and messages to a male student. Defendant denies the remaining allegations contained in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant admits the allegations contained in paragraph 69.

70.     In response to paragraph 70, Defendant admits that Plaintiff submitted a response to the draft report by way of his attorney and that Jane Roe also submitted a response by way of her attorney.   Defendant lacks knowledge or sufficient information as to the identity of the drafters

of either statement, but Defendant understood that the parties submitted the responses they drafted through their counsel.  Defendant denies the remaining allegations in paragraph 70.

71.    In response to paragraph 71, Defendant admits that the parties submitted responses to the other's response.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of whether Plaintiff drafted his own response or if Jane Roe's response was submitted over Plaintiff's objection and thus denies the same.  Defendant states that Jane Roe testified at the Review Panel hearing that she dictated her response to her attorney, who then typed what she said. Defendant denies the remaining allegations in paragraph 71.

72.    In response to paragraph 72, Defendant admits that Plaintiff submitted polygraph results. The polygraph results speak for themselves and Defendant denies any allegations inconsistent therewith.  Defendant denies the remaining allegations.

73.    Defendant admits the allegations in paragraph 73.

74.    Defendant admits the allegations in paragraph 74.

75.    In response to paragraph 75, Defendant admits that in her report Ms. Wechsler found sufficient evidence to find Plaintiff responsible for sexual assault and gender-based harassment in violation of UVA's Title IX Policy.  Ms. Wechsler's report speaks for itself and Defendant denies any allegations inconsistent therewith.   Defendant denies the remaining allegations contained in paragraph 75.

76.    In response to paragraph 76, Defendant states that Ms. Wechsler's report speaks for itself and Defendant denies any allegations inconsistent therewith.  Defendant denies the remaining allegations contained in paragraph 76.

77.    In response to paragraph 77, Defendant admits that following Ms. Wechsler's Final Report, Plaintiff submitted a statement of contest and response to the final report in which he

claimed to have noted inconsistencies in Jane Roe's statements. Defendant denies the remaining allegations in paragraph 77.

78.    In response to the allegations contained in paragraph 78, Defendant admits that it convened a Review Panel per its Title IX Policy and that through Emily Babb it hired Christopher Tate, an outside attorney, to serve as the non-voting chair at the Review Panel hearing and to preside and rule on procedural issues for the three voting members of the Review Panel. Defendant lacks knowledge or information sufficient to know if the word "facilitate" in paragraph 78 means something other than as Defendant states above and thus denies the same.

79.    Defendant admits the allegations in paragraph 79.

80.    Defendant admits the allegations in paragraph 80.

81.    In response to the allegations in paragraph 81, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and thus denies the same.

82.    In response to paragraph 82, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing. Specifically, Defendant denies that Ms. Wechsler had the discretion to determine the relevancy of all evidence at the Review Panel hearing. Defendant admits that Ms. Wechsler pursuant to the procedures as the investigator had the discretion to determine the relevancy of proffered evidence and to include or exclude certain types of evidence in her Final Report. Defendant admits that Mr. Tate stated at the Review Panel hearing that sometimes certain information is redacted in the interview transcripts and the Review Panel is not to speculate about what has been redacted or why it was redacted, including that it may relate to other events, character evidence, personal opinion, or prior or subsequent conduct and so on, and thus the redacted information was not relevant to the Review Panel's consideration.

83.     In response to paragraph 83, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that Mr. Tate said that the hearing was administrative in nature and would be conducted equitably and consistent with due process of law and that any advisors to the parties, including their attorneys, may provide support and advice for the parties but they may not speak on behalf of or otherwise participate in or in any manner disrupt the hearing.  Defendant denies the remaining allegations in paragraph 83.

84.     In response to paragraph 84, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that the parties were not permitted to question each other directly and the parties were told to submit any questions wished to be posed by either party to Mr. Tate for review and determination for relevancy and appropriateness.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 84 and thus denies the same.

85.     In response to paragraph 85, Defendant admits that the statements made during the Review Panel hearing are governed by the honor system.  Defendant states that Plaintiff, Jane Roe, and Ms. Wechsler, the only individuals who testified at the Review Panel hearing, were sworn by the Hearing Chair before testifying.  To the extent the allegations in paragraph 85 mean something other than as stated herein, Defendant denies those allegations.

86.     In response to paragraph 86, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that the Review Panel hearing began with opening statements and following opening statements the Hearing Panel

14

began asking Plaintiff questions, there was some discussion off the record after it was stated that questions for Plaintiff would proceed next, and then Mr. Tate indicated that the Hearing Panel could begin with questions for Plaintiff.  Defendant further states that the Title IX Policy gives the Chair of the Review Panel the discretion to determine the specific hearing format.  Defendant admits that later in the hearing Plaintiff raised an objection as to the ordering of questioning and there was a discussion on the record which noted that a proposed itinerary was provided to the parties prior to the hearing and that the hearing may include questions to either party and the hearing chair, Mr. Tate, stated that the objection raised did not constitute a violation of the procedures.  Defendant denies the remaining allegations in paragraph 86.

87.      In response to the allegations in paragraph 87, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that Plaintiff provided a response to all questions posed to him and Jane Roe answered some but not all of the questions provided.  Defendant states that for the questions Jane Roe declined to answer she referred the Review Panel to the Final Report and exhibits.  Defendant admits that Jane Roe dictated her responses to her attorney, who typed what she said.  Defendant denies the remaining allegations in paragraph 87.

88.      In response to the allegations in paragraph 88, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that Ms. Wechsler testified that she had conducted almost thirty Title IX investigations at UVA, that she had overseen the Pennsylvania state's higher-education implementations as it pertained to the Dear Colleague Letter, and that she was intimately familiar with all manner of

15

processes and procedures at UVA because she had been doing work for UVA since the inception of its Title IX Policy and the procedures applicable to the Title IX Policy. Defendant denies the remaining allegations in paragraph 88.

89.    In response to the allegations in paragraph 89, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing. Defendant admits that Ms. Wechsler was asked about a discrepancy regarding who covered Jane Roe's mouth. Defendant denies the remaining allegations in paragraph 89.

90.    In response to the allegations in paragraph 90, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing. Defendant admits that in the Review Panel hearing Ms. Wechsler testified that she had contact with JMU but she did not recall as she sat there that day whether there was an e-mail to Jacob Doe and that she would need to check her notes. Defendant states that Defendant Wechsler later had her assistant pull her notes and she found that she did not have good contact information for Jacob Doe and that she had contacted JMU, which does not give out contact information for its students, and she was not able to secure contact information for Jacob Doe. Defendant denies all remaining allegations.

91.    In response to the allegations in paragraph 91, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing. Defendant admits that in response to a question about sucking Plaintiff's penis that Ms. Wechsler said that she believed that was the only instance of physical sexual contact with Plaintiff described by Jane Roe. Defendant denies the remaining allegations contained in paragraph 91.

92.     Defendant denies the allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel Hearing.  Defendant states that Ms. Wechsler stated that aside from Jane Roe's statements that she believed she may have been drugged there was no other evidence of drugging in the case.  Defendant denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant denies the remaining allegations contained in paragraph 95.

96.     In response to the allegations in paragraph 96, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant admits that Ms. Wechsler consulted with Emily Babb.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the same.

97.     In response to the allegations in paragraph 97, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant lacks

knowledge or information sufficient to form a conclusion regarding a scientific, medical, or logical basis for sobering up more quickly under duress and thus denies the same.  Defendant denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant further states that witness statements were also transcribed and thus Defendant denies any allegations inconsistent with the statements of the witness which were recorded.

99.     In response to the allegations in paragraph 99, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant denies the remaining allegations contained in paragraph 99.

100.     In response to the allegations in paragraph 100, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel hearing.  Defendant denies the remaining allegations contained in paragraph 100.

101.     In response to the allegations in paragraph 101, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made or at the times reflected on the record at the Review Panel Hearing.

102.     In response to the allegations in paragraph 102, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel Hearing.  Defendant

admits that the Review Panel found that the Investigator's Final Investigation Report reflected a complete, thorough, and fair investigation and that her investigation was thorough, fair, and impartial. Defendant admits that the Review Panel unanimously agreed that there was sufficient evidence, by a preponderance of the evidence, to support all of the Investigator's recommended findings of responsibility. Defendant denies the remaining allegations contained in paragraph 102.

103.    In response to the allegations in paragraph 103, Defendant states that the Review Panel hearing was recorded by a court reporter and thus Defendant denies any allegations inconsistent with the statements made on the record at the Review Panel Hearing. Defendant admits that the Review Panel conducted a hearing on the appropriate sanction after a determination of responsibility. Defendant admits that the Review Panel unanimously voted to expel Plaintiff and to issue a No Trespass Order to him. Defendant admits that the Review Panel's considerations as to an appropriate sanction were consistent with the Title IX Policy. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and thus denies the same.

104.    Defendant admits the allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and thus denies the same.

106.    In response to the allegations in paragraph 106, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and thus denies the same.

107.    In response to paragraph 107, Defendant denies that Plaintiff was wrongfully expelled. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the same.

108.    In response to paragraph 108, Defendant denies that Plaintiff was wrongfully expelled.  Defendant lacks knowledge or information to form a belief as to any difficulty in graduate school admissions or job applications that asks for his transcript or college disciplinary record and thus denies the same.  Defendant denies the remaining allegations.

109.    In response to paragraph 109, Defendant incorporates and re-asserts fully herein the responses of paragraphs 1 through 108, *supra*.

110.    Defendant admits that Plaintiff was a student at UVA and that UVA is an entity covered by Title IX.  To the extent the allegations in paragraph 110 go beyond these admissions, Defendant denies any remaining allegations.

111.    Defendant admits the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

115.    Defendant denies the allegations in paragraph 115.

116.    Defendant denies the allegations in paragraph 116.

117.    Defendant denies the allegations in paragraph 117.

118.    Defendant denies the allegations in paragraph 118.

119.    With respect to the allegations contained in paragraphs 119-165, pursuant to this Court's Memorandum Opinion and Order entered April 10, 2023 (ECF No. 36), all of Plaintiff's claims under § 1983 and state law were dismissed and thus no response is required.

120.    In response to paragraph 166, Plaintiff's demand for a jury trial requires no response.

121.    In response to the "WHEREFORE" paragraph and its subparts (1-5),

Defendant denies the allegations and denies that Plaintiff is entitled to any damages whatsoever under Title IX or any other theory of recovery.

## AFFIRMATIVE DEFENSES

122.    Defendant asserts that Plaintiff has failed to state a claim under Title IX.

123.    Defendant asserts that its actions and response were appropriate and reasonable and consistent with its legal duties and obligations.

124.    Defendant asserts consent, justification, and necessity.

125.    Defendant asserts assumption of the risk.

126.    Defendant asserts that Plaintiff's alleged damages, if any, were caused, in whole or in part, by the actions and/or inactions of Plaintiff himself.

127.    Defendant asserts that Plaintiff failed to mitigate his damages.

128.    Defendant asserts that Plaintiff is not injured in the nature and to the extent alleged nor can he recover under Title IX for the damages he seeks.

129.    Defendant asserts that it is not indebted to Plaintiff in any manner for any amount, including but not limited to attorney's fees and costs.

130.    Defendant denies any and all allegations of the FAC not specifically admitted in this Answer.

131.    Defendant reserves the right to amend its responses in this Answer and to set forth any additional defenses which may come to light or otherwise reveal themselves in the course of the litigation including during discovery and at trial.

WHEREFORE, Defendant, the University of Virginia, respectfully requests that this Court dismiss this action with prejudice and award it any other relief deemed appropriate, including attorney's fees, costs, and expenses.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

**Respectfully submitted,**

**THE UNIVERSITY OF VIRGINIA**

*/s/ Amy E. Hensley*
Amy E. Hensley (VSB No. 80470)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 371-2267
Facsimile: (804) 371-2087
ahensley@oag.state.va.us
*\*Counsel of Record for the University of*
*Virginia*

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Trial Section Chief/Senior Assistant Attorney General

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 24th of April 2023, I filed a copy of the foregoing document using the Court's ECM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the plaintiff.

*/s/ Amy E. Hensley*
Amy E. Hensley
Assistant Attorney General